IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50641
Conference Calendar
_____

LUCRECIA LYNN MONROE,

Plaintiff-Appellant,

versus

LINDA AMENT, Senior Warden; E. CALDWELL, Building Major,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-472
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lucrecia Lynn Monroe, Texas prisoner #422039, appeals from the dismissal of her prisoner's civil rights action as frivolous and for failure to state a claim. Monroe contends that the district court erred by dismissing her complaint. She argues that prison officials failed to protect her despite knowing that she and her cellmate were likely to fight.

A prisoner who seeks damages in an action that would undermine the validity of a disciplinary proceeding that results

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the loss of good-conduct time must obtain the invalidation of the verdict from the disciplinary proceeding before she has a cause of action pursuant to 42 U.S.C. § 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 1588-89 (1997). Monroe's disciplinary report indicates that she lost 30 days' good-conduct time and her grievance forms indicate that she has failed to obtain the invalidation of the disciplinary proceeding in which she was found guilty of fighting with Rose. R. 16, 21-28. Monroe has no cause of action for damages.

Monroe's appeal is without arguable merit and therefore is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). We caution Monroe that future frivolous appeals, even appeals in which she is not proceeding *in forma pauperis* (IFP)(which Monroe is barred from doing pursuant to 28 U.S.C. § 1915(g) unless she is under imminent danger of serious physical harm), may result in sanctions, including monetary sanctions, against her. To avoid the imposition of sanctions, Monroe is urged to review any pending appeals and to withdraw any that are frivolous.

APPEAL DISMISSED. SANCTIONS WARNING IMPOSED.